IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC. and PF PRISM IMB B.V. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| MICRO LABS LIMITED and MICRO | ) | |
| LABS USA, INC. | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendants Micro Labs Limited and Micro Labs USA, Inc. (collectively, "Defendants" or "Micro Labs"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221196 to the United States Food and Drug Administration ("FDA"), seeking approval to commercially market a generic version of Plaintiffs' CIBINQO (abrocitinib) tablets, prior to the expiration of United States Patent Nos. 9,035,074 ("the '074 patent"), 9,545,405 ("the '405 patent"), and 9,549,929 ("the '929 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the

State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

3.      Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

4.      Upon information and belief, defendant Micro Labs Limited is a corporation organized under the laws of India, and has a principal place of business at 31, Race Course Road, Bangalore-560-001, India.

5.      Upon information and belief, defendant Micro Labs USA, Inc. is a corporation organized and existing under the laws of the State of New Jersey, and has a principal place of business at 220 Davidson Avenue, Suite 402, Somerset, NJ 08873.

6.      Upon information and belief, Micro Labs USA, Inc. is a wholly owned subsidiary of Micro Labs Limited.

7.      Upon information and belief, Micro Labs Limited and Micro Labs USA, Inc. acted in concert and collaboratively in the preparation and submission of ANDA No. 221196.

## THE PATENTS-IN-SUIT

8.      On May 19, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '074 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates."  A copy of the '074 patent is attached to this Complaint as Exhibit A.

9.      Pfizer Inc. is the owner and assignee of the '074 patent.

10.     PF PRISM IMB B.V. is the exclusive licensee of the '074 patent.

2

11. On January 17, 2017, the USPTO duly and legally issued the '405 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '405 patent is attached to this Complaint as Exhibit B.

12. Pfizer Inc. is the owner and assignee of the '405 patent.

13. PF PRISM IMB B.V. is the exclusive licensee of the '405 patent.

14. On January 24, 2017, the USPTO duly and legally issued the '929 patent, entitled "Pyrrolo[2,3-D]Pyrimidine Derivates." A copy of the '929 patent is attached to this Complaint as Exhibit C.

15. Pfizer Inc. is the owner and assignee of the '929 patent.

16. PF PRISM IMB B.V. is the exclusive licensee of the '929 patent.

## CIBINQO®

17. Pfizer Inc. holds approved New Drug Application No. 213871 for 50 mg, 100 mg, and 200 mg abrocitinib tablets, which are sold under the registered name CIBINQO®.

18. CIBINQO® tablets are approved for the treatment of adult and pediatric patients 12 years of age and older with refractory, moderate-to-severe atopic dermatitis.

19. Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '074 patent, the '405 patent, and the '929 patent are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to CIBINQO®.

## MICRO LABS' ANDA

20. By letter dated March 4, 2026 (the "Notice Letter"), Defendants notified Pfizer Inc. that they have submitted ANDA No. 221196 to the FDA pursuant to 21 U.S.C. § 355(j), seeking approval for Abrocitinib tablets, 50 mg, 100 mg, and 200 mg (the "Micro Labs ANDA Product"), prior to the expiration of the Patents-in-Suit.

21. Upon information and belief, the Micro Labs ANDA Product is a generic copy of CIBINQO®.

22. In the Notice Letter, Micro Labs represents that it certified to the FDA that the '074 patent, the '405 patent, and the '929 patent "are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Micro Labs ANDA Product, and that Micro Labs seeks to obtain approval to engage in the commercial manufacture, use, and sale of the Micro Labs ANDA Product before the applicable expiration date" (the "Paragraph IV Certification").

23. The Notice Letter included a detailed statement purporting to assert the legal and factual bases for Micro Labs' contention that the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Micro Labs ANDA Product ("Detailed Statement").

24. Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants will manufacture, distribute, import, offer for sale, and/or sell the Micro Labs ANDA Product throughout the United States, including within the State of Delaware.

25. This action is being filed within 45 days of Plaintiffs' receipt of Micro Labs' Notice Letter.

**JURISDICTION AND VENUE**

26. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

27. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

28. This court has personal jurisdiction over defendant Micro Labs Limited by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic

and continuous contacts with the State of Delaware.  Upon information and belief, Micro Labs Limited, directly or through its subsidiary Micro Labs USA, Inc., manufactures, markets, imports, and/or sells generic drugs throughout the United States and in this judicial district.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, defendant Micro Labs Limited has purposefully conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Micro Labs' ANDA Product upon approval of Micro Labs' ANDA No. 221196.

29.     This court has personal jurisdiction over defendant Micro Labs USA, Inc. by virtue of, *inter alia*, its regular transaction and/or solicitation of business in this State and its systematic and continuous contacts with the State of Delaware.  Upon information and belief, Micro Labs USA, Inc., directly or indirectly, manufactures, markets, imports, and/or sells generic drugs throughout the United States, including in this judicial district.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, defendant Micro Labs USA, Inc. has purposefully conducted and continues to conduct business within this judicial district, and this judicial district is a likely destination of Micro Labs' ANDA Product upon approval of Micro Labs' ANDA No. 221196.

30.     Upon information and belief, Micro Labs Limited and Micro Labs USA, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group with respect to the regulatory approval, marketing, and distribution of generic pharmaceutical drugs throughout the United States, including the Micro Labs ANDA Product.

31.     Upon information and belief, Defendants have previously been sued in this judicial district without challenging personal jurisdiction and have availed themselves of the jurisdiction

5

of this Court by previously filing suit in this judicial district and asserting counterclaims in this district. *See, e.g., Micro Labs Ltd. et al. v. Hikma Pharmaceuticals USA Inc. et al.,* C.A. No. 23-1138-CFC (D. Del.); *Bayer Pharma AG et al. v. Micro Labs Ltd. et al.*, C.A. No. 22-165-RGA, D.I. 10 (D. Del.); and *Novartis Pharmaceuticals Corporation v. Micro Labs Ltd. et al.*, C.A. No. 21-969-GBW, D.I. 12 (D. Del.).

32.    Venue is proper in this district for defendant Micro Labs Limited under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Micro Labs Limited is not a resident of the United States and may thus be sued in any judicial district.

33.    Venue is proper in this district for defendant Micro Labs USA, Inc. because, *inter alia*, Micro Labs USA, Inc. is subject to personal jurisdiction in this judicial district, has previously consented to venue in this judicial district, and has represented to Pfizer's undersigned counsel below, by e-mail dated March 27, 2026 from Micro Labs' outside counsel Katten Muchin Rosenman LLP, that Micro Labs USA, Inc. and Micro Labs Limited will not object to personal jurisdiction or venue in this judicial district for the purposes of this action.

### COUNT I
### (Infringement of the '074 patent)

34.    Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-33 of this Complaint.

35.    Defendants' submission of ANDA No. 221196, with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Defendants seek FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Micro Labs ANDA Product prior to the expiration of the '074 patent, constituted an act of infringement of the '074 patent under 35 U.S.C. § 271(e)(2)(A).

36.     Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221196.

37.     Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement of one or more claims of the '074 patent.

38.     Upon information and belief, Defendants have acted with full knowledge of the '074 patent and without a reasonable basis for believing that they would not be liable for infringement of the '074 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '074 patent.

39.     Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

40.     Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

41.    Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '074 patent.

42.    Plaintiffs have no adequate remedy at law.

43.    Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Declaratory Judgement of Infringement of the '074 Patent)

44.    Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-43 of this Complaint.

45.    Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Micro Labs will infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent upon approval of the Micro Labs ANDA Product.

46.    Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '074 patent would infringe one or more claims of the '074 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement of one or more claims of the '074 patent.

47.    Upon information and belief, Defendants have acted with full knowledge of the '074 patent and without a reasonable basis for believing that they would not be liable for infringement of the '074 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA No. 221196.  Upon

8

information and belief, through such activities, Defendants specifically intend infringement of the '074 patent.

48.    Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '074 patent, and will do so immediately and imminently upon approval.

49.    Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '074 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

50.    Thus, there is a substantial and immediate controversy between Plaintiffs and Micro Labs concerning infringement of the '074 patent.

51.    Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '074 patent.

52.    Plaintiffs have no adequate remedy at law.

53.    Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT III
### (Infringement of the '405 patent)

54.    Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-53 of this Complaint.

55.    Defendants' submission of ANDA No. 221196,  with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Defendants seek FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Micro Labs ANDA Product

prior to the expiration of the '405 patent, constituted an act of infringement of the '405 patent under 35 U.S.C. § 271(e)(2)(A).

56. Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation and submission of ANDA No. 221196.

57. Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents. In their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement of one or more claims of the '405 patent.

58. Upon information and belief, Defendants have acted with full knowledge of the '405 patent and without a reasonable basis for believing that they would not be liable for infringement of the '405 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA No. 221196. Upon information and belief, through such activities, Defendants specifically intend infringement of the '405 patent.

59. Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

60.     Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

61.     Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '405 patent.

62.     Plaintiffs have no adequate remedy at law.

63.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IV
### (Declaratory Judgement of Infringement of the '405 Patent)

64.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-63 of this Complaint.

65.     Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Micro Labs will infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent upon approval of the Micro Labs ANDA Product.

66.     Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '405 patent would infringe one or more claims of the '405 patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.  In their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement of one or more claims of the '405 patent.

67.     Upon information and belief, Defendants have acted with full knowledge of the '405 patent and without a reasonable basis for believing that they would not be liable for infringement of the '405 patent.  Notwithstanding this knowledge, Defendants have continued to

11

assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA No. 221196. Upon information and belief, through such activities, Defendants specifically intend infringement of the '405 patent.

68.     Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '405 patent, and will do so immediately and imminently upon approval.

69.     Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '405 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

70.     Thus, there is a substantial and immediate controversy between Plaintiffs and Micro Labs concerning infringement of the '405 patent.

71.     Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '405 patent.

72.     Plaintiffs have no adequate remedy at law.

73.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT V**
**(Infringement of the '929 Patent)**

74.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-73 of this Complaint.

12

75.    Defendants' submission of ANDA No. 221196,  with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), by which Defendants seek FDA approval to engage in the commercial manufacture, use, sale, offer to sell, or importation of the Micro Labs ANDA Product prior to the expiration of the '929 patent, constituted an act of infringement of the '929 patent under 35 U.S.C. § 271(e)(2)(A).

76.    Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, encouraged, contributed to, aided and abetted, and/or directed the preparation, submission, and maintenance of ANDA No. 221196.

77.    Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929 patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents. Upon information and belief, the proposed labeling for the Micro Labs ANDA Product will instruct physicians and patients to use the Micro Labs ANDA Product to treat atopic dermatitis in a manner that infringes one or more claims of the '929 patent.  Furthermore, in their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement of one or more claims of the '929 patent.

78.    Upon information and belief, Defendants have acted with full knowledge of the '929 patent and without a reasonable basis for believing that they would not be liable for infringement of the '929 patent.  Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA No. 221196.   Upon

information and belief, through such activities, Defendants specifically intend infringement of the '929 patent.

79.     Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

80.     Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

81.     Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '929 patent.

82.     Plaintiffs have no adequate remedy at law.

83.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
### (Declaratory Judgement of Infringement of the '929 Patent)

84.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-83 of this Complaint.

85.     Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Micro Labs will infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent upon approval of the Micro Labs ANDA Product.

86.     Defendants' commercial manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product within the United States, or importation of the Micro Labs ANDA Product into the United States, during the term of the '929 patent would infringe one or more claims of the '929

patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents. Upon information and belief, the proposed labeling for the Micro Labs ANDA Product will instruct physicians and patients to use the Micro Labs ANDA Product to treat atopic dermatitis in a manner that infringes one or more claims of the '929 patent. Furthermore, in their Notice Letter and accompanying Detailed Statement, Defendants did not contest infringement for one or more claims of the '929 patent.

87. Upon information and belief, Defendants have acted with full knowledge of the '929 patent and without a reasonable basis for believing that they would not be liable for infringement of the '929 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Micro Labs ANDA Product with its proposed labeling immediately and imminently upon approval of Micro Labs' ANDA No. 221196. Upon information and belief, through such activities, Defendants specifically intend infringement of the '929 patent.

88. Upon information and belief, if the FDA approves Micro Labs' ANDA No. 221196, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '929 patent, and will do so immediately and imminently upon approval.

89. Upon information and belief, Defendants know that Micro Labs' ANDA Product is especially made or adapted for use in infringing the '929 patent, and that Micro Labs' ANDA Product is not suitable for any substantial non-infringing use.

90. Thus, there is a substantial and immediate controversy between Plaintiffs and Micro Labs concerning infringement of the '929 patent.

15

91.     Plaintiffs will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '929 patent.

92.     Plaintiffs have no adequate remedy at law.

93.     Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that Defendants have infringed the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 221196;

B.     A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Micro Labs' ANDA Product will directly infringe, induce, and/or contribute to infringement of the Patents-in-Suit under 35 U.S.C. §§ 271(a), (b), and/or (c);

C.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 221196 shall be a date not earlier than the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.     A judgment pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Micro Labs' ANDA Product within the United States, or importing Micro Labs' ANDA Products into the United States, prior to the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

16

E.       If Defendants commercially manufacture, use, offer to sell, or sell the Micro Labs ANDA Product within the United States, or import the Micro Labs ANDA Product into the United States, prior to the expiration of the Patents-in-Suit, including any extensions, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

F.       A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

G.       A judgment awarding Plaintiffs costs and expenses incurred in this action; and

H.       Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger

OF COUNSEL:

Elizabeth Holland
John P. Scheibeler
Amit H. Thakore
Ryan Curiel
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

April 16, 2026

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and*
*PF PRISM IMB B.V.*

17