IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC. and PF PRISM IMB B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-439 (JLH) |
| | ) | **CONSOLIDATED** |
| MICRO LABS LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ~~PROPOSED~~ SCHEDULING ORDER

This __28th__ day of _____July_____, 2026, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than **July 31, 2026**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference.

2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 13, 2027**.  Such motions must follow the provisions of Paragraphs 8(g) and 9.

3.        <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **August 12, 2026**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.        <u>Papers and Proceedings Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must

2

demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. <u>ADR Process</u>.  Magistrate Judges will no longer engage in alternative dispute resolution in patent cases.  *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7. <u>Disclosures</u>.  Absent agreement among the parties, and approval of the Court:

a. By **August 21, 2026**, Plaintiffs[1] shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

b. By **September 18, 2026**, Each Defendant shall produce core technical documents related to its accused product, sufficient to show how the accused product works, including but not limited to its Abbreviated New Drug Application (ANDA), including any supplements or amendments thereto, the Drug Master File associated with its ANDA product, and any related correspondence with FDA.

c. By **October 20, 2026**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

---

[1]    For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

d.　　By **November 20, 2026**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

8.　　Discovery.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

a.　　Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **January 28, 2028**.

b.　　Document Production. Document production shall be substantially complete by **July 30, 2027**.

c.　　Requests for Admission.  A maximum of **25** common requests for admission are permitted for Plaintiffs to serve on Defendants.  In addition, Plaintiffs may serve **20** requests for admission on each Defendant group directed to issues specific to that Defendant group.  Defendants collectively may serve **25** common requests for admission on Plaintiffs. Additionally, each Defendant group may serve **20** requests for admission on Plaintiffs directed to issues specific to that Defendant group.  These limitations do not apply to requests for admission directed towards admissibility including authentication of documents.

d.　　Interrogatories.

i.　　Plaintiffs may serve **15** common interrogatories on Defendants and up to **5** additional interrogatories on each Defendant group.  Defendants collectively may serve **15** common interrogatories on Plaintiffs and each Defendant group may individually serve up to **5** additional interrogatories on Plaintiffs directed to issues specific to that Defendant group.

ii.　　The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy

4

of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

      e.      Depositions.

      i.      Limitation on Hours for Deposition Discovery.  Defendants collectively may take a maximum of seventy (70) hours of testimony by deposition upon oral examination from Plaintiffs' fact witnesses, which includes former employees and 30(b)(6) depositions.  Plaintiffs may take a total of thirty-five (35) hours of depositions of each Defendant group's fact witnesses.  Each fact witness deposition shall count for no less than 4 hours towards the respective overall total.  All fact depositions are limited to a maximum of 7 hours total unless extended by agreement of the parties or leave of the Court.  For any deponents who require a translator at the deposition, each hour of deposition time shall count as 0.5 hours toward these limits.

      ii.      Location of Depositions. The parties will meet and confer in an attempt to identify mutually agreeable locations for depositions.  The parties may agree to take remote depositions.

      f.      Disclosure of Expert Testimony.

      i.      Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 31, 2028**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 2, 2028**.  Reply expert reports from the party with the initial burden of proof are due on or before **May 25, 2028**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts'

availability for deposition.  Expert depositions shall be completed and expert discovery shall close on or before **July 28, 2028**.

ii.        Expert Report Supplementation.  The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.        Objections to Expert Testimony.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **August 11, 2028**, unless otherwise ordered by the Court.  Briefing will be presented pursuant to the Court's Local Rules.

g.        Discovery Matters and Disputes Relating to Protective Orders.

i.        The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures).  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.        Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes."  The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

iii.     The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute.  On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing.  All courtesy copies shall be double-sided.

v.     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9.     <u>Motions to Amend / Motions to Strike</u>.

a.     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

b.     Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

10.     Technology Tutorials.  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.     Claim Construction Issue Identification.  On **December 18, 2026**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.   On **January 11, 2027**, the parties shall exchange their proposed constructions on claim terms identified by the parties.   These documents will not be filed with the Court.   Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on **January 22, 2027**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.

12.     Claim Construction Briefing.  Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on **February 11, 2027**.  Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **March 12, 2027**.  Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **April 9, 2027**.  Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **April 23, 2027**.  No later than **April 30, 2027**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

8

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

       [TERM 1]

              1.  Plaintiff's Opening Position

              2.  Defendant's Answering Position

              3.  Plaintiff's Reply Position

              4.  Defendant's Sur-Reply Position

       [TERM 2]

              1.  Plaintiff's Opening Position

              2.  Defendant's Answering Position

              3.  Plaintiff's Reply Position

              4.  Defendant's Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing.

No earlier than **May 19, 2027**, Delaware and Lead counsel (*i.e.,* those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction

9

Chart that sets forth all agreed-upon constructions and all terms that remain in dispute.  The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the Joint Claim Construction Brief.  The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated in the meet and confer, when and how that meet and confer occurred, and how long it lasted.  If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state.  The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

13.     Hearing on Claim Construction.  Beginning at 10:00 am on **August 12   , 2027**, the Court will hear argument on claim construction.  The parties need not include any general  summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14.     Supplementation.  Absent agreement among the parties, and approval of the Court, no later than **October 22, 2027**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

15.    <u>Interim Status Report</u>.  On **November 10, 2027**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    <u>Case Dispositive Motions and Daubert Hearing</u>.

Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

The Court will hear argument on any pending *Daubert* motions on **October 17, 2028**, beginning at 10:00 am.

17.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18.    <u>Amendments to the Scheduling Order</u>.  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

19.    <u>IPRs/PGRs</u>.  Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision.  The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

20.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request

and any response shall contain the authorities relied upon.  Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.    Pretrial Conference.  On **January 22  , 2029**, the Court will hold a pretrial conference in Court with counsel beginning at   2:00 pm  .  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents.  The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

22.    Trial.  This matter is scheduled for a **four-day** bench trial beginning at 9:30 a.m. on **January 29    , 2029**, with the subsequent trial days beginning at 9:00 a.m.  The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

23.    <u>Post-Trial Motions.</u>

The parties should address the post-trial briefing schedule and page limits in the proposed

final pretrial order.


_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

13

| EVENT | DEADLINE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | July 31, 2026 |
| Paragraph 3 ESI Disclosures | July 31, 2026 |
| Protective Order | August 12, 2026 |
| Plaintiffs identify accused products and asserted patents; Plaintiffs produce file histories.<br><br>¶4(a) of Delaware Default Standard for Discovery | August 21, 2026 |
| Defendants produce core technical documents<br><br>¶4(b) of Delaware Default Standard for Discovery | September 18, 2026 |
| Plaintiffs serve Initial Infringement Contentions<br><br>¶4(c) of Delaware Default Standard for Discovery | October 20, 2026 |
| Defendants serve Initial Invalidity Contentions and invalidating references<br><br>¶4(d) of Delaware Default Standard for Discovery | November 20, 2026 |
| Exchange claim terms for construction | December 18, 2026 |
| Exchange proposed constructions | January 11, 2027 |
| Joint Claim Construction Chart | January 22, 2027 |
| Opening Claim Construction Brief (Plaintiffs) | February 11, 2027 |
| Answering Claim Construction Brief (Defendants) | March 12, 2027 |
| Reply Claim Construction Brief (Plaintiffs) | April 9, 2027 |
| Sur-reply Claim Construction Brief (Defendants) | April 23, 2027 |
| Joint Claim Construction Brief | April 30, 2027 |
| Meet and Confer and File Joint Amended Claim Chart | May 19, 2027 |
| Markman Hearing | August 12, 2027 |
| Substantial Completion of Document Production | July 30, 2027 |
| Deadline to Join Parties / Amend Pleadings | August 13, 2027 |
| Supplementation (¶14) | October 22, 2027 |
| Interim Status Report (¶15) | November 10, 2027 |
| Close of Fact Discovery | January 28, 2028 |
| Opening Expert Reports | March 31, 2028 |
| Rebuttal Expert Reports | May 2, 2028 |
| Reply Expert Reports | May 25, 2028 |

2

| EVENT | DEADLINE |
|---|---|
| Close of Expert Discovery | July 28, 2028 |
| Opening *Daubert* Motions | August 11, 2028 |
| Answering *Daubert* Motions | August 25, 2028 |
| Reply *Daubert* Motions | September 1, 2028 |
| Hearing on Daubert Motions | October 17, 2028 |
| Joint Pretrial Order (including Motions in Limine) | January 15, 2029 (*seven days before pretrial conference*) |
| Pretrial Conference | January 22, 2029 |
| Trial (4 days) | January 29, 2029 |
| 30-Month Stay Expiration | July 14, 2029 |