IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC. and PF PRISM IMB B.V., Plaintiffs, | ) |
| v. | ) C.A. No. 26-439 (JLH) **CONSOLIDATED** |
| MICRO LABS LIMITED, et al., Defendants. | ) **ANDA CASE** |

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively, "Plaintiffs") and Defendants Micro Labs Limited, Micro Labs USA Inc., Changzhou Pharmaceutical Factory, Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc. (collectively, "Defendants") expect discovery in the above captioned litigation (the "Proceeding") to involve the disclosure of certain documents, things, and information which may constitute trade secrets and/or other confidential research, development, marketing, financial, commercial, or other competitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1) for which special protection from public disclosure and use for any purpose other than this Proceeding is warranted, the Parties hereby stipulate to the entry of this Protective Order regarding discovery in this Proceeding.

**DEFINITIONS**

1. "Party" means a party to this litigation, including Pfizer Inc., PF PRISM IMB B.V., Micro Labs Limited, Micro Labs USA Inc., Changzhou Pharmaceutical Factory, Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc.

2. "Third Party" means a person or entity that is not a Party.

3. "Discovery Material" means all documents, deposition testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Proceeding.

4. "Producing Party" means any Party or Third Party that produces or otherwise discloses Discovery Material in this Proceeding, whether through formal or informal means.

5. "Receiving Party" means any Party who receives information produced or otherwise disclosed by any Producing Party in this Proceeding.

6. "Confidential Information" means information, documents, oral testimony or tangible things (regardless of how it is generated, stored, or maintained) that constitute, contain, reveal, or reflect confidential research, development, business, technical, operational, or commercial information or any other non-public information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, including but not limited to any information that the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1), or that any Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations.

7. "Highly Confidential Information" is a type of highly sensitive Confidential Information that the Producing Party believes in good faith constitutes technical or business information of a most sensitive nature that might be of significant value to an actual or potential competitor of the Producing Party and that warrants restriction to even more limited access than Confidential Information, such as (i) highly sensitive research and development for indications or products other than abrocitinib or CIBINQO® that were not approved as of the filing of the Complaint in this Proceeding.

8. "Patents-in-Suit" mean U.S. Patent No. 9,035,074, U.S. Patent No. 9,545,405, and U.S. Patent No. 9,549,929.

9. "Days" shall be construed as calendar days, unless otherwise specifically indicated.

10. "Document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure.

11. Words shall have their normally accepted meanings as employed in this Order. The word "shall" is mandatory. The words "includes" and "including" are not limiting. The singular shall include the plural and vice versa.

**DESIGNATION**

12. Any Party or Third Party may designate as "Confidential" or "Highly Confidential" any part of any Discovery Material produced, disclosed, or served in this Proceeding, or filed with the Court, if such Discovery Material is entitled to protection under Federal Rule of Civil Procedure 26(c) or if the Producing Party in good faith believes that such Discovery Material contains Confidential Information or Highly Confidential Information, each as defined above.

13. A Producing Party shall designate a document or thing as Confidential by marking it prominently on its face with the legend "CONFIDENTIAL," "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as appropriate, when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto or on an accompanying production letter. If an entire multi-page document is to be treated as Confidential, each page of such document should be marked. To be clear, the Parties do not have an obligation to mark each page of any document served or filed in this litigation (e.g., discovery responses, expert reports, etc.), regardless of

whether it contains Confidential Information, and the Parties agree that marking the first page of any such document with any of the above designations shall serve as notice to any Receiving Party that the entire document should be treated as such. In the case of files produced in native format (e.g., excel files), the designation may be included in the accompanying metadata and/or in the file's name or on an accompanying slip sheet bearing the designation. Additionally, to the extent practicable, each page of each document and each thing produced pursuant to discovery in the Proceeding shall bear a unique identifying number.

14. A Producing Party may designate Discovery Material as "Highly Confidential Information" by marking it prominently on its face with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as appropriate, in the same manner provided in the preceding Paragraph for Confidential Information. Discovery Material so designated shall be subject to all of the protections afforded to Confidential Information under this Protective Order and to the additional access restrictions set forth herein.

15. Confidential Information and Highly Confidential Information do not include information obtained independently of the Proceeding as to which no obligation of confidentiality applies. Accordingly, nothing in this Protective Order shall prevent any person from making use of any information that is designated as Confidential Information or Highly Confidential Information if such information:

a. is determined by agreement of the Parties or Court order to be public information,

b. has been or becomes lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation,

for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements,

c. was, is, or becomes available to the public by publication or otherwise through no fault, unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Order or that is legitimately and independently acquired from a source not subject to this Order,

d. is disclosed by a Third Party who is properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and is properly and rightfully authorized to make disclosure without restriction as to disclosure and is not subject to any confidentiality obligations at the time of the disclosure.

Nothing herein shall impose any restriction on the use of disclosure by a party or non-party of its own documents or information.

16. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions that constitutes or contains Confidential Information or Highly Confidential Information shall be designated as provided herein by the party providing the response or testimony on the first page of that document near the caption when the response or testimony is served upon the party seeking discovery.

17. Unless otherwise agreed by the Parties, deposition transcripts and deposition exhibits taken in connection with the Proceeding will be temporarily designated and treated as Confidential for thirty days from the deposition date to give the Parties or Third Parties an opportunity to properly designate any Confidential Information or Highly Confidential Information in the transcript. Within those thirty days, the Parties or Third Parties may designate

any portion of the transcript or exhibits as Confidential pursuant to this Protective Order and any such portions and exhibits and all copies of those portions and exhibits shall be treated as Confidential. If a deposition transcript or deposition exhibits contain Confidential Information or Highly Confidential Information, the deposition transcript will be marked on its first page as provided herein. Nothing in this Order shall prevent a deponent from reviewing and making corrections to the transcript of their deposition pursuant to Federal Rule of Civil Procedure 30(e). Nothing in this Paragraph shall prevent a Party from showing to its own employees, officers, directors, or agents transcripts from depositions taken of its own witnesses.

18. Any documents or material provided for inspection, as opposed to produced, in the Proceeding shall be treated by the inspecting/Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Producing Party. After copies are delivered to the inspecting/Receiving Party, the information in such documents or things will be treated consistent with any legend on each document or thing. Unless otherwise agreed by the Parties or ordered by this Court, inspection of documents or things by a Party shall be conducted only by Outside Counsel or independent consultants or experts eligible under Paragraph 24 below.

19. Documents and things produced or made available for inspection in the Proceeding may be subject to redaction in good faith by the Producing Party of information that is (a) subject to the attorney-client privilege, work-product immunity, a legal prohibition against disclosure, or any other applicable privilege or immunity, (b) information subject to privacy and security protection under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or other applicable U.S. or foreign data security and privacy laws or regulations, (c) information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as confidential personally identifiable information, social security numbers, patients names,

dates of birth, private addresses or telephone numbers or other personal information or protected data, including individually identifiable health information), or (d) other commercially sensitive information that is not within the scope of the Proceeding, including research not related to the subject matter of the Patents-in-Suit, CIBINQO®, or any proposed therapeutic equivalent thereof, or is not otherwise relevant to this action or reasonably likely to lead to the discovery of admissible evidence in this litigation or not within the scope of discovery set forth in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

20. Nothing in this Protective Order shall affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work-product immunity, a legal prohibition against disclosure, or other privilege or immunity as required by the Federal Rules of Civil Procedure or the Local Rules; however, documents or communications created or taking place on or after the date of the filing of the Complaint in this Proceeding, if subject to a claim of attorney-client privilege, work-product protection, or any other privilege or immunity, need not be included on a privilege log. The parties shall confer on the nature and scope of privilege logs for the case.

21. For any documents produced before the entry of this Protective Order and marked under District of Delaware Local Rule 26.2, the Receiving Party will treat them as Confidential after entry of this Protective Order, unless the Producing Party subsequently designates them otherwise.

**USE**

22. Confidential Information and Highly Confidential Information, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to the information under this Protective Order, and shall not be used for any purpose other than in

connection with the Proceeding, any appeal therefrom, and any remands thereto. For example, the Confidential or Highly Confidential Information of another Party shall not be used for any research, development, patent prosecution, patent claim amendments, commercial, marketing, regulatory (including Citizen Petitions), or other competitive purpose. All persons receiving Confidential Information or Highly Confidential Information are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office ("USPTO"), the United States Food and Drug Administration ("FDA"), the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction. Nothing contained in this Protective Order shall preclude any Party from using its own Confidential or Highly Confidential Information in any manner it sees fit, without prior consent of any Party or the Court. Nothing in this Protective Order shall restrict any Party's counsel from rendering advice to its clients regarding the Proceeding and, in the course thereof, relying upon Confidential or Highly Confidential Information, provided that in rendering such advice counsel shall not disclose any other Party's Confidential or Highly Confidential Information other than in a manner provided for in this Protective Order.

23. No person, including any party to this action, in possession of any Confidential Information or Highly Confidential Information may disclose one Defendant's Confidential Information or Highly Confidential Information to another Defendant without prior written approval of the designating party, which shall not be unreasonably withheld, or by order from the Court. However, Plaintiffs may cite, reference, or otherwise discuss another Defendant's Confidential Information or Highly Confidential Information in written sealed submissions to the Court and common discovery responses that are also served on outside counsel of record for any other Defendant (including, e.g., Plaintiffs' responses to Defendants' common interrogatories, and

expert reports concerning validity) without the need to redact such information in service copies to outside counsel of record, provided that in-house persons of the other Defendants and any third parties who do not have permission to access such Confidential Information or Highly Confidential Information do not receive access to such Confidential Information or Highly Confidential Information.

**ACCESS**

24. Confidential Information may be disclosed only to the following "Qualified Persons" identified in Paragraph 24(a)-(l) and Highly Confidential Information may be disclosed only to the following Qualified Persons identified in Paragraph 24(a), (c)-(l):

a. Outside counsel of record for a Party and the secretarial, clerical, paralegal, and other supporting personnel of said outside counsel.

b. Up to three (3) in-house legal personnel or personnel managing the litigation, employed by such Party, including their secretarial, clerical, paralegal, and other supporting personnel, who because of their duties and responsibilities related to the litigation require access to Confidential Information, provided that such in-house legal personnel or personnel managing the litigation have complied with Paragraph 27 herein.

c. Independent experts and consultants and their staff retained to assist counsel for the Parties in the conduct of this Proceeding, who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, provided such experts and consultants have complied with Paragraph 28 herein;

d. The Court, its law clerks and staff;

e. Court reporters and videographers;

f. Photocopy services;

g. Professional translators retained for the Proceeding;

h. Graphics or design consultants retained to prepare demonstrative or other exhibits for the Proceeding;

i. Non-technical trial consultants and staff employed or retained to assist, each involved solely in providing litigation support services to Outside Counsel (as defined above in Paragraph 24(a)), provided such consultants have complied with Paragraph 27 herein;

j. Document imaging and database services and consultants retained to set up, maintain, or operate litigation databases;

k. Any person specifically identified in an item containing or comprising Confidential Information or Highly Confidential Information as an author or recipient of such item (or a copy thereof); and

l. Others as to whom the designating party has given written consent.

25. Only Qualified Persons, the deponent, and their attorney shall be allowed to attend any portion of a deposition during which Confidential Information or Highly Confidential Information is used or elicited from the deponent. Counsel for the designating party may request that all persons other than the deponent, the court reporter and videographer, Qualified Persons, and counsel for the witness leave the deposition room during any portion of a deposition which enquires into matters deemed Confidential or Highly Confidential by the designating party. The failure of individuals other than those specified in this Paragraph to leave the deposition room during any portion of the deposition which enquires into matters deemed Confidential Information or Highly Confidential Information by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the questions posed concerning such matters until such time as all individuals other than those specified in this Paragraph leave the deposition room.

26. This Protective Order shall not limit a Party's examination, at a deposition, hearing, or trial, of persons who are not authorized to receive Confidential Information or Highly Confidential Information under the terms of this Protective Order, so long as such examination concerns only Confidential Information or Highly Confidential Information that the witness authored, received, was involved in generating, or previously had access to or knowledge of, as demonstrated by the information itself or by foundation testimony during a deposition, hearing, or trial, or if the Producing Party consents to such disclosure. This Protective Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether they authored, received, generated, or previously had access to or knowledge of Confidential Information or Highly Confidential Information. Examination using a Party's Confidential Information or Highly Confidential Information may be conducted on a witness of the same Party who is a designee pursuant to Federal Rule of Civil Procedure 30(b)(6).

27. Before disclosing another Party's Confidential or Highly Confidential Information to a person or entity described in any of Paragraph 24(b), (c) or (i), the Party shall first obtain a signed Declaration in the form of the annexed Exhibit A. The Declaration shall be completed and signed by each individual to which another Party's Confidential Information or Highly Confidential Information is disclosed and the signed Declaration shall be provided to the other Party.

28. Before disclosing another Party's Confidential or Highly Confidential Information to an independent consultant or expert under Paragraph 24(c), the Party shall first provide to the Producing Party: (a) a signed copy of the Declaration found in Exhibit A of this Order; (b) a current resume or curriculum vitae for the consultant or expert including a list of publications; and (c) a list of any other cases in which the consultant or expert has testified as an expert at trial or by

deposition within the preceding four years. Once the Producing Party has received the requisite documents and consultant/expert information, the Producing Party shall then have seven days to provide a written objection to the proposed disclosure of its Confidential or Highly Confidential Information, including the specific reasons for such objection. No disclosure of Confidential or Highly Confidential Information shall occur during this seven-day period. If a timely written objection is made: (i) there shall be no disclosure of the Confidential or Highly Confidential Information to the consultant or expert, except by further Court order or by the Parties' agreement, (ii) the Parties agree to promptly meet and confer regarding the basis for (and resolution of) the objection, and (iii) if the Parties cannot reach an agreement, the party objecting to the disclosure of information to the consultant/expert may pursue the issue via the Court's established discovery dispute procedures within seven days of the meet and confer. On any motion brought pursuant to this Paragraph, the objecting party shall bear the burden of showing why disclosure of information to that consultant/expert should be precluded. Failure to timely object or to timely seek adjudication by the Court will act as a waiver of the objection, and the consultant or expert will become a Qualified Person.

29. Any person who receives Confidential or Highly Confidential Information pursuant to Paragraph 24 may not during the pendency of this Proceeding and for one year after final termination of the Proceeding, including any appeals or remands, participate in the preparation or submission of any Citizen's Petitions to the FDA related to CIBINQO® or any proposed therapeutic equivalents thereof, or any similar activity in any foreign country. Any person who receives Confidential or Highly Confidential Information pursuant to Paragraph 24 may not during the pendency of this Proceeding and for two years after final termination of the Proceeding, including any appeals or remands, engage, directly or indirectly, in any patent prosecution

activities, reexamination activities, or reissue activities including both foreign and U.S. applications relating to abrocitinib or abrocitinib-containing drug products including CIBINQO® or any foreign equivalents, or any proposed or existing generic version of CIBINQO®. Such activities will include drafting, amending, or otherwise affecting the scope of patent claims. For the avoidance of doubt, "patent prosecution activities" exclude involvement in post-grant proceedings, such as *inter partes* review and post-grant review proceedings in the United States, or opposition or revocation proceedings outside the United States, provided such individual shall not participate, directly or indirectly, in amending claims.

30. If, at the time this Order is signed, a Party has not yet identified each of the individuals permitted by Paragraph 24(b), it may designate such personnel provided it serves written notification along with any necessary Declaration in the form of Exhibit A attached hereto to all Producing Parties. Additionally, a Party wishing to substitute any personnel permitted by Paragraph 24(b) may do so for good cause, so long as the Party serves written notice to all Producing Parties along with any necessary Declaration in the form of Exhibit A attached hereto.

**INADVERTENT PRODUCTION OF UNDER-DESIGNATED MATERIAL**

31. Inadvertent production of any document, thing, or information without a designation of Confidential Information or Highly Confidential Information will not be deemed to waive a later claim as to its confidential nature, or stop the Producing Party from designating said document or information as Confidential Information or Highly Confidential Information later.

32. Any Producing Party may change a designation to Confidential or Highly Confidential (or withdraw a designation) regarding any material that it has produced by notifying counsel for each Receiving Party in writing. Upon receipt of such notice, the non-producing party shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons

known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Protective Order; and (iii) for material newly designated as Confidential or Highly Confidential, promptly retrieve or have destroyed all copies and transcriptions of such originally designated (or undesignated) material from any persons known to have possession of such material who are not specified in Paragraph 24. Properly marked documents, reflecting the new designation, shall be promptly provided by the Producing Party. Under no circumstances shall a Party change or remove a designation, or object to such change or removal, to vex or harass another Party.

**OBJECTIONS TO DESIGNATIONS**

33. A Receiving Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential Information designation (or re-designation) at the time the document or thing is produced, and a failure to do so shall not preclude a subsequent challenge. If a Receiving Party disagrees at any time with a Confidential or Highly Confidential Information designation made by the Producing Party, the following procedure shall be used:

a. The Party seeking to change the designation of the Producing Party's documents, things, or information shall provide written notice to the Producing Party specifying the documents, things, or information for which a change in designation is sought, and the reasons for the request. The Producing Party shall have seven days after receipt of the written notice within which to object in writing to the change in designation or removal of protection afforded by this Protective Order and to specify why protection under this Protective Order is appropriate.

b. If the Producing Party objects in writing within seven days of receiving such a written notice, the parties shall meet and confer to try to resolve the dispute without Court involvement.

c. If the Parties or Third Parties cannot reach agreement concerning the change in designation, the Party seeking the removal of protection for the Confidential or Highly Confidential Information may pursue the issue via the Court's established discovery dispute procedures. If the Party challenging the designation does not pursue the issue via the Court's established discovery dispute procedures within seven days, the issue is waived.

d. The Parties shall continue to treat the documents or things at issue as Confidential or Highly Confidential Information (according to the original designations) until the Court resolves the dispute, or by agreement of the Parties or Third Parties.

e. On any motions arising out of the designation of any material as Confidential or Highly Confidential under this Protective Order, the burden of justifying the designation shall lie with the Producing Party.

**INADVERTENT USE OF CONFIDENTIAL INFORMATION**

34. If a Receiving Party during the Proceeding (including at a deposition) inadvertently uses any Confidential or Highly Confidential Information of another Party in a manner that contravenes this Protective Order, the information shall not lose its Confidential or Highly Confidential status because of such use.

35. If any Confidential or Highly Confidential Information is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the inadvertent disclosure shall, within five business days of learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure in writing and shall use reasonable efforts to obtain the prompt return or destruction of any such Confidential or Highly Confidential Information, and obtain a signed Declaration in the form attached hereto as Exhibit A from each unauthorized person or party who inadvertently received any Confidential or Highly Confidential Information. Satisfaction of the requirements set forth in this Paragraph shall not

prevent the Producing Party from seeking any additional relief, whether by involved Parties' agreement or Court order.

**NO WAIVER OF PRIVILEGE**

36. If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim of attorney-client privilege, attorney work product immunity, or other legal privilege or ground for withholding production to which the Producing Party, Third Party, or other person otherwise would be entitled. The protections afforded such inadvertent production shall be at least as protective as those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

37. If a written claim of inadvertent production of privileged information is made by a Producing Party to a Receiving Party, the Receiving Party shall:

a. immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned to counsel for the producing party present at the deposition; and

b. within seven days of receipt of the claim described in Paragraph 37(a), destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information.

38. Recognizing the Parties' need to prepare their cases based on produced discovery, if any information, document, or thing is used openly in the case, e.g., at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege, must be made within two weeks after such use.

39. Nothing herein shall prevent a Receiving Party from challenging pursuant to the Court's established discovery dispute procedures the propriety of any claim of attorney-client privilege, work product immunity, or other privilege designation for any inadvertently produced document, except that the inadvertent disclosure shall not be a basis for any such challenge. The Producing Party shall maintain for the duration of the Proceeding a copy of any inadvertently produced document for which it made a subsequent claim of attorney-client privilege, work product immunity, or other privilege. Despite the existence of a challenge, any inadvertently produced document that is returned based on a claim of attorney-client privilege, work product immunity, or other privilege shall be treated as if it were properly covered by the asserted attorney-client privilege, work product immunity, or other privilege unless the challenge is resolved in favor of the Receiving Party.

**PRODUCTION OR DISCLOSURE OF A THIRD PARTY'S INFORMATION**

40. Any subpoena or other notice to a Third Party requesting production of documents shall include a copy of this Protective Order. This requirement shall not change the requirements for service of a valid subpoena under the Federal Rules of Civil Procedure.

41. Any Party that is served with a subpoena or other notice compelling the production of any Confidential Information or Highly Confidential Information produced by another Party or a Third Party in this Proceeding shall give prompt written notice, and in any event within five business days of service, to the Producing Party of such subpoena or other notice. If the Producing Party takes steps to oppose the subpoena or other notice, the Party served shall not disclose the

information until the Court has resolved the issue. Absent a Court order, no production or disclosure shall be made before notice is given to the Producing Party and the Producing Party has had at least ten business days after receiving such notice within which to seek to protect its information. Upon receiving such notice, the Producing Party shall bear the burden to oppose the subpoena or other notice on grounds of confidentiality.

42. If a Third Party produces documents pursuant to a subpoena or other request issued by one of the Parties (or by Court order) and if the Third Party has not requested its documents be treated as Confidential, then it shall be presumed that the documents produced contain information the Third Party has determined requires no designation under the Protective Order. The Third Party's documents and things shall be handled by all Parties to the Proceeding according to the appropriate designations under this Protective Order. The Party issuing the subpoena or other request for documents or things to the Third Party shall provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

43. A Party in the Proceeding may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the Party is under an obligation to a Third Party not to disclose such information (e.g., by prior agreement of confidentiality). In such circumstances (except for information subject to another protective order or confidentiality order by another court), the Party shall:

a. timely serve a written objection to the production of the requested information based on its obligation to a Third Party not to disclose such information;

b. promptly provide to the Third Party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Protective Order; and

c. if the Third Party does not agree to disclosure of its information, then the Party requesting the documents or things from the Third Party may (i) serve a subpoena on the Third Party, if the requesting party has not already done so, or (ii) file a motion to compel production of the requested documents against a Party or Third Party in the appropriate court.

**USE OF CONFIDENTIAL INFORMATION IN FILINGS AND IN OPEN COURT**

44. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

45. The Clerk of Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule 5.1.3, which has been designated, in whole or in part, as containing or revealing Confidential or Highly Confidential Information under this Protective Order.

46. If a Party or Third Party wishes to use any Confidential or Highly Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court to be maintained under seal, such paper shall be filed according to Local Rule 5.1.3.

47. Any health information that is protected under state or federal privacy laws and is disclosed in discovery by a Party or Third Party to the Proceeding shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an order of the Court sealing the courtroom. The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of Confidential or Highly Confidential Information.

**RETURN/DESTRUCTION OF MATERIALS**

48. Upon the final non-appealable termination of the Proceeding, all Confidential Information and Highly Confidential Information received from an opposing or third party (and all copies and transcriptions thereof), shall be destroyed or returned to the Producing Party within 90 days. Outside Counsel, however, may retain (even if such documents or things contain Confidential Information or Highly Confidential Information) all correspondence, pleadings and exhibits, deposition transcripts and exhibits, expert reports and exhibits, hearing and trial transcripts and exhibits, court-filed documents and exhibits, and all documents and things containing or reflecting attorney work product except for HIPAA information, which must be destroyed or returned within 90 days of the Proceeding's termination. The Producing Party shall identify to the Receiving Party all such protected health information to be destroyed or returned by specific production numbers within 45 days of the Proceeding's termination. If the Producing Party does not provide this specific information to the Receiving Party within 45 days, then the Receiving Party is under no obligation to destroy or return the protected health care information, but the health care information shall remain Confidential under the provisions of this Protective Order. Documents and work product retained by Outside Counsel shall remain subject to the terms of this Protective Order. Outside Counsel shall certify their compliance with this Paragraph's provisions upon request by any Party.

49. If a Party is dismissed from the Proceeding before a final non-appealable termination pertaining to the remaining Parties, the dismissed party shall comply with Paragraph 48 as if the dismissal were a final non-appealable termination.

**ADDITIONAL PROVISIONS**

50. This Protective Order shall be binding upon the Parties to the Proceeding and any signatories to the Declaration attached as Exhibit A, including their successors and assigns, and their respective attorneys, agents, representatives, officers, and employees.

51. This Protective Order shall apply to all information and material produced in this Proceeding, including all information and material produced before the Court enters this Protective Order.

52. If any Party breaches, or threatens to commit a breach, of any of the provisions of this Protective Order, each non-breaching party or third party that produced information subject to this Protective Order shall have the right to ask the Court for any remedies available under law or in equity, including having the Protective Order specifically enforced (without posting any bond) and entering a restraining order or injunction (preliminary or permanent) against the breaching party for breaches, threatened or actual. It is agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

53. This Protective Order shall survive termination of the Proceeding, including any final judgment, appeal, or settlement to the extent the Confidential Information or Highly Confidential Information is not or does not become known to the public by means other than a breach of this Protective Order.

54. Nothing in this Protective Order shall prejudice the right of any Party or Third Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

55. If a new party is added, substituted, or otherwise brought into the Proceeding, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

56. Each person or entity who receives any Confidential Information or Highly Confidential Information agrees to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

57. Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

58. To expedite the discovery process, until the Court has entered this Protective Order, the Parties agree that after counsel has filed this proposed Protective Order, it will be treated as though it had been "So Ordered."

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and PF PRISM IMB B.V.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Micro Labs Limited and Micro Labs USA Inc.*

SMITH KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*

Neal C. Belgam (#2721)
Daniel A. Taylor (#6934)
1000 North West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendant Changzhou Pharmaceutical Factory*

KRATZ & BARRY LLP

*/s/ R Touhey Myer*

R Touhey Myer (#5939)
800 North West Street
Wilmington, DE 19801
(302) 527-9378
tmyer@kratzandbarry.com

*Attorneys for Defendants Biocon Limited, Biocon Pharma Limited, and Biocon Pharma, Inc.*

August 19, 2026

SO ORDERED this 21st day of August, 2026.

[signature]

The Honorable Jennifer L. Hall
United States District Court Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC. and PF PRISM IMB B.V., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-439 (JLH) |
| | ) | **CONSOLIDATED** |
| MICRO LABS LIMITED, et al., | ) | |
| | ) | **ANDA CASE** |
| Defendants. | ) | |

**<u>DECLARATION REGARDING PROTECTIVE ORDER</u>**

1. I, ______________________________, have been asked by counsel for

______________________________________________________________________

to review certain confidential documents or other information that is subject to the Protective Order that has been entered by the United States District Court for the District of Delaware in the above-captioned case (the "Proceeding").

2. My present employer is ________________________________________ and the address of my present employer is _______________________________________________________. My present occupation or job title/description is __________________________________________.

3. I have received a copy of the Protective Order. I have carefully read and understand its provisions.

4. I will comply with all provisions of the Protective Order, including the following:

a. I will not disclose any information, documents, or things designated as Confidential Information to anyone other than those persons specifically authorized by the Protective Order.

b. I will not use any Confidential Information for any purpose other than the Proceeding.

c. When requested to do so, I will return all materials containing designated Confidential Information, and all documents and things that I have prepared relating thereto.

5. I will take reasonable steps to restrict access to any designated Confidential Information to only those persons authorized by the Protective Order to have such access. I will inform any of my employees or staff who encounter Confidential Information of the terms of the Protective Order.

6. I understand that my obligations regarding Confidential Information under the Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing Confidential Information, and any knowledge or information derived from any such information I receive during the Proceeding.

7. I understand that, to the extent I am permitted access to Highly Confidential Information by the Protective Order, I will treat such Highly Confidential Information in the same manner as provided for Confidential Information in Paragraphs 4-6 of this Declaration and comply with any additional provisions and protections for such Highly Confidential Information in the Protective Order.

8. I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court, and the parties or third parties that designated the information as Confidential may seek additional remedies against me.

9. I voluntarily submit to the jurisdiction of the United States District Court for District of Delaware with respect to the enforcement of the Protective Order, and with respect to any other order issued by the Court governing the use of Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: ________________________

____________________________________